PEOPLE ex rel. LAHEY v. WOODBURY, Street Cleaning Com'r.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

MUNICIPAL CORPORATIONS—DISMISSAL OF EMPLOYÉS—DATE OF DISMISSAL.

    Under Laws 1901, p. 242, c. 466, § 537 (New York Charter), providing that no member of the uniformed force of the street cleaning department shall be removed without a hearing, and that the commissioner of street cleaning shall have power to punish members of the force by dismissal, a record of which shall be entered in writing, a dismissal by the commissioner takes effect from the time it is communicated to the employé and not from the time the commissioner mentally determines upon it; and certiorari to review the dismissal sued out within four months from the time it was communicated to the employé, but more than four months after its was determined upon by the commissioner, is in time, under Code Civ. Proc. § 2125, requiring certiorari to be brought within four months after the determination became final.

Appeal from Special Term, Kings County.

Certiorari by the people, on the relation of William Lahey, against John McGaw Woodbury, as commissioner of street cleaning of the city of New York. From an order quashing the writ, relator appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Edmund F. Driggs, for appellant.
James D. Bell, for respondent.

MILLER, J. This is an appeal by the relator from an order of the Special Term quashing a writ of certiorari issued out of the Supreme Court on the 29th day of October, 1904, to review the action of the defendant in dismissing the relator from the department of street cleaning of the city of New York. The order is made on the papers upon which the writ was granted, and the affidavit

·of the defendant. Accepting, therefore, as true, the statements contained in the affidavits upon which the writ was granted, it appears that, while the relator was absent on sick leave by permission of the department, a determination was made by the defendant ·dismissing him, of which he had no notice, either prior or subsequent thereto, until his return, on the 21st day of July, 1904, when the defendant refused to permit him to work. The motion was made, and it may be assumed the order was granted, upon the ground that the writ was not granted and served within four calendar months after the determination to be reviewed became final and binding upon the relator, as provided in section 2125 of the Code of Civil Procedure. The writ was granted on the 29th day ·of October, 1904, and served on the defendant on the 2d day of November, 1904, within four months from the 21st day of July, 1904, but more than four months after the 21st day of June, 1904; and the sole question presented by this appeal is whether, within the meaning of the section referred to, the determination sought to be reviewed became final and binding more than four calendar months prior to the 2d day of November, 1904.

Section 537 of the charter of the city of New York (Laws 1901, p. 242, c. 466) contains the provisions applicable to the removal of members of the uniformed force, and, so far as ·applicable to the question involved here, provides:

"No member of the clerical or uniformed force of the department of street cleaning shall be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation and in every case of removal the true grounds thereof shall be entered upon the records of the department. The commissioner of street cleaning shall have power, in his discretion, on evidence satisfactory to him that a member of the uniformed force has been guilty * * * to punish the offending party * * * by dismissal from the force. * * * When and as soon as a member of the uniformed force has been fined, suspended, or dismissed the true cause for such fine, suspension or dismissal shall be entered in writing in a book to be kept for that purpose by the commissioner of street cleaning, which book shall be a public record."

The only notice required by the statute to be given to the person removed is a notice of the cause of the proposed removal, and the statute contains no provision as to the requisites of the act of dismissal, except an entry in a book kept for that purpose of the true cause. The defendant states in his affidavit that he made a determination dismissing the relator on the 23d day of June, 1904, and that said determination became final and binding on that day. It is undisputed, however, that the relator was not informed of it until the 21st day of July, 1904. I do not think the mental determination of the defendant to dismiss the relator operated as a dismissal until the relator was in fact dismissed, or that the dismissal became final and binding on the relator until he was told he could not work. It therefore follows that four calendar months had not elapsed after the determination sought to be reviewed became final and binding on the relator, and that therefore the order was improperly granted.

The order appealed from should be reversed, with $10 costs and disbursements, and proceeding remitted to the Special Term for hearing and determination. All concur.